IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-cv-00510-MOC-DSC

| | |
|---|---|
| CLARK MATERIAL HANDLING, INC., | ) ) ) |
| Plaintiff, | ) **MEMORANDUM AND RECOMMENDATION** ) ) |
| v. | ) ) |
| TOYOTA MATERIAL HANDLING, U.S.A., INC., | ) ) ) |
| Defendant. | ) ) |

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss and Motion to Strike [claims arising under Virginia and South Carolina law and claim for injunctive relief]" (document #12) filed September 28, 2012, as well as the parties' briefs and exhibits. See documents ##13, 14, 17 and 18.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the Motion be granted in part and denied in part, as discussed below.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Accepting the factual allegations of the Complaint as true, the parties "manufacture and sell competing products, primarily forklift parts and related products." Plaintiff alleges that "for several years prior to 2012," SIE, a North Carolina corporation with its principal place of business in

Charlotte, North Carolina, has been a forklift dealer for Defendant "within North Carolina and South Carolina as well as portions of Georgia and Virginia."

On May 15, 2012, SIE President Michael Thorne hosted a meeting at his company headquarters in Charlotte, North Carolina "to discuss key programs and milestones to promote SIE's success in the sale of [Plaintiff's] products." Sometime thereafter, SIE signed an agreement to become a dealer for Plaintiff's products. SIE's dealership included parts of North Carolina, South Carolina and Georgia.

Plaintiff alleges that on July 19, 2012, Defendant's President or someone acting at his direction "contacted …Thorne and pressured, coerced and intimidated SIE into ending its relationship with [Plaintiff]." On July 27, 2012, Plaintiff received a letter from SIE terminating the agreement, citing a perceived conflict of interest with Defendant.

On August 14, 2012, Plaintiff filed its Complaint. Plaintiff's First Cause of Action is for "Unfair Competition" and alleges violations of North Carolina Gen. Stat. § 66-687.1, South Carolina Code § 39-5-20 and Virginia Code § 59.1-352.9. The Second Cause of Action is for violation of North Carolina Gen. Stat. § 75-1.1 and includes allegations that Defendant violated the laws of Virginia and South Carolina. Plaintiff's Third Cause of Action is for violation of South Carolina Code § 39-5-20. The Sixth Cause of Action is labeled "Injunctive relief," and seeks an injunction "for violations of North Carolina and South Carolina statutes." The prayer for relief seeks damages pursuant to North Carolina Gen. Stat. § 75-16 and South Carolina Code § 39-5-20.

On September 28, 2012, Defendant filed its "Motion to Dismiss and Motion to Strike" Plaintiff's claims arising under Virginia and South Carolina law as well as the claim for injunctive relief.

Defendant's Motion has been fully briefed and is ripe for determination.

## II. DISCUSSION

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009), quoting Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. 129 S. Ct. at 1951. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1951 (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true), citing Twombly, 550 U.S. at 554-55. Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading

regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1951. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief,'" and therefore should be dismissed. Id., quoting Fed. R. Civ. P. 8(a)(2). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id. at 1951-52.

B. **Claim for Preliminary Injunction**

As Plaintiff concedes in its "Brief in Opposition," at 2 (document #17), "claims for injunctive relief do not exist as unique causes of action per se." Eli Research, Inc.v. United Communications Group, LLC, 312 F. Supp. 2d 748, 764 (M.D.N.C. 2004) (citing Shugar v. Guill, 304 N.C. 332, 335, 283 S.E.2d 507, 509 (1981)). As this Court has recently held, "equitable relief may be sought in an ad damnum clause or ... a prayer for relief." Baldwin v. Duke Energy Corp., 2012 WL 3562402, *1 (W.D.N.C. August 17, 2012) (adopting recommendation that claims for punitive damages and equitable relief be dismissed). Accordingly, "such allegations will ... be considered as part of the prayer for relief or ad damnum clause as if fully set out therein." Id., 2012 WL 3562402, *2.

4

For this reason, the undersigned respectfully recommends that Plaintiff's Sixth Cause of Action for Injunctive Relief be <u>dismissed</u>.

### C. Claims for Unfair Trade Practices

Defendant asks the Court to determine that North Carolina law applies at this early stage in the proceedings. The undersigned finds that the better practice is to resolve conflict of laws issues at the motion for summary judgment stage and on a fully developed record after completion of discovery. <u>New England Leather Co. v. Feuer Leather Corp.</u>, 942 F.2d 253, 255 (1991); <u>American Rockwool, Inc. v. Owens-Corning Fiberglas Corp.</u>, 640 F. Supp. 1411 (E.D.N.C. 1986). For this reason, the undersigned respectfully recommends that Defendant's Motion be denied as to Plaintiff's remaining causes of action.

### III. <u>RECOMMENDATION</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion to Dismiss and Motion to Strike" (document #12) be **GRANTED IN PART** and **DENIED IN PART**, that is, **GRANTED** as to Plaintiff's Sixth Cause of Action for Injunctive Relief and **DENIED** in all other respects.

### IV. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005);

Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).  Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: October 26, 2012

David S. Cayer
United States Magistrate Judge