# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12cv510

| | |
|---|---|
| **CLARK MATERIAL HANDLING, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| **TOYOTA MATERIAL HANDLING,** ) | |
| **U.S.A., INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985);

Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

Review of defendant's Objections (#21) reveal that they are little more than a restatement of arguments made before the magistrate judge in the initial briefing. Further, much of the additional case law cited, which involves personal and property injury, is readily distinguishable from the alleged commercial wrongdoing in this case. Finally, the magistrate judge's resolution of the conflict of laws as to the unfair trade practice claims is inherently reasonable and wholly consistent with this court's view that conflict of laws issues are better resolved after fact discovery:

> Defendant asks the Court to determine that North Carolina law applies at this early stage in the proceedings. The undersigned finds that the better practice is to resolve conflict of laws issues at the motion for summary judgment stage and on a fully developed record after completion of discovery.

M&R, at 5 (citations omitted). Indeed, North Carolina's choice of law rule requires application of the "most significant relationship" test, which in turn requires this the court to "first identify the occurrences giving rise to this suit." American Rockwool, Inc. v. Owens-Corning Fiberglas Corp., 640 F. Supp. 1411, 1431 (E.D.N.C. 1986).

After such careful review, the court determines that recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Objections (#21) are **OVERRULED**, the Memorandum and Recommendation (#19) is **AFFIRMED,** defendant's Motion to Dismiss and Motion to Strike (#12) is **GRANTED IN PART** and **DENIED IN PART,** the Sixth Cause of action is **DISMISSED** without prejudice as to reassertion in the *ad damnum* clause of the Complaint, and the motion is otherwise **DENIED WITHOUT PREJUDICE** as to reassertion <u>after</u> the close of discovery and upon a Motion for Summary Judgment.

Signed: December 8, 2012

Max O. Cogburn Jr.
United States District Judge