# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:12CV510-MOC-DSC

| | |
|---|---|
| **CLARK MATERIAL HANDLING COMPANY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **TOYOTA MATERIAL HANDLING U.S.A., INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**THIS MATTER** is before the Court on the following motions:

1. Defendant's "Motion for a Protective Order" (document #57);

2. "Plaintiff's Rule 37 Motion to Compel Compliance with Court Orders and For Sanctions" (document #60);

3. "Plaintiff's Motion for Limited Relief from Protective Order" (document #62);

4. "Defendant's … Motion to Compel Further Responses to Damage Related Discovery and Production of Unredacted Documents" (document #63), and

5. "Defendant's Request for Oral Argument …" (document #72), as well as the parties' associated briefs and exhibits. See documents ## 58, 59, 60, 61, 62-1, 64, 65, 66, 69, 71, 74, 75, 76, and 79-85.

These Motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1), and are now ripe for the Court's consideration.

The Court has carefully reviewed the record, authorities and the parties' arguments. For

1

the reasons stated in Plaintiff's briefs, the Court concludes that Defendant must fully respond to Plaintiff's discovery requests as previously ordered. Accordingly, Defendant's "Motion for a Protective Order" (document #57) is **DENIED,** "Plaintiff's Rule 37 Motion to Compel Compliance with Court Orders and For Sanctions" (document #60) is **GRANTED IN PART** and **DENIED IN PART,** and "Plaintiff's Motion for Limited Relief from Protective Order" (document #62) is **DENIED AS MOOT**. Defendant shall produce discovery responses as **ORDERED** below.

For the reasons stated in Defendant's briefs, the Court concludes that Plaintiff must supplement its damages discovery responses and produce previously redacted non-privileged documents. Accordingly, "Defendant's … Motion to Compel Further Responses to Damage Related Discovery and Production of Unredacted Documents" (document #63) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff shall produce discovery responses as **ORDERED** below.

"Defendant's Request for Oral Argument …" (document #72) is **DENIED**.

Dismissal and the imposition of monetary sanctions are remedies available under Rule 37 for a party's failure to obey rules governing discovery or orders of the District Court. See Fed. R. Civ. P. 37(b)(2)(C); National Hockey League v. Metro. Hockey Club, 427 U.S. 639, 643 (1976); Mutual Fed. Sav. & Loan v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989); and Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 504-04 (4th Cir. 1977).

Accordingly, the Court warns the parties and their counsel that any further failure to provide discovery responses as **ORDERED** below, failure to respond to any reasonable discovery requests, or to otherwise comply fully with any of the Court's Orders, the Local Rules,

or the Rules of Civil Procedure may result in the imposition of sanctions. **Sanctions may include the offending party and/or its counsel being ordered to pay the opposing party's costs, including reasonable attorney's fees in their entirety, and may also include entry of judgment and/or dismissal of the Complaint**.

**NOW THEREFORE IT IS HEREBY ORDERED** that:

1. Defendant's "Motion for a Protective Order" (document #57) is **DENIED**; "Plaintiff's Rule 37 Motion to Compel Compliance with Court Orders and For Sanctions" (document #60) is **GRANTED IN PART** and **DENIED IN PART**; "Plaintiff's Motion for Limited Relief from Protective Order" (document #62) is **DENIED AS MOOT**; "Defendant's … Motion to Compel Further Responses to Damage Related Discovery and Production of Unredacted Documents" (document #63) is **GRANTED IN PART** and **DENIED IN PART**; and "Defendant's Request for Oral Argument …" (document #72) is **DENIED.**

2. On or before April 4, 2014, Defendant shall fully and completely respond to Plaintiff's discovery requests as previously ordered, including but not limited to supplying complete and legible documents for each document previously produced that contained garbled data or data that otherwise was unreadable or inaccessible; producing all documents for which slip sheets have been substituted; producing a machine readable Unicode-formatted version of the contents of all Japanese documents; restoring the content of the Excel files referenced in previously-produced documents; and producing all documents represented by skipped numbers  <u>In the alternative</u>, Defendant may produce mirrored hard drives for all of its sixteen (16)

executive employees, indicating the individual whose documents comprise each hard drive.

3. On or before April 4, 2014, Plaintiff shall fully and completely supplement its damages discovery production and provide a computation of each category of its claimed damages. By that same date, Plaintiff shall produce unredacted copies of any and all responsive documents, with the exception of those within attorney-client privilege; attorney work product; protected personal financial information or credit card numbers, or any category addressed in Fed. R. Civ. P. 5.2. If Plaintiff contends that any document is subject to redaction, it shall serve a privilege log. If Plaintiff contends that an unredacted copy of a document was produced previously, it shall so certify in a verified discovery response.

4. The parties shall bear their own costs at this time.

5. The Clerk is directed to send copies of this Order to counsel for the parties, including but not limited to moving counsel; and to the Honorable Max O. Cogburn, Jr..

**SO ORDERED**.

Signed: March 10, 2014

David S. Cayer
United States Magistrate Judge