UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00510-MOC-DSC

| | | |
|---|---|---|
| **CLARK MATERIAL HANDLING COMPANY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **TOYOTA MATERIAL HANDLING U.S.A., INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on Defendant Toyota Material Handling U.S.A., Inc.'s Motion for Summary Judgment (#133). The court heard oral arguments on the motion on December 18, 2014. Having carefully considered the motion, the briefs, and the oral arguments, the court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

### I. BACKGROUND

Plaintiff Clark Material Handling Company ("Clark") and Defendant Toyota Material Handling U.S.A, Inc. ("Toyota") are national competitors in the market for forklift trucks and parts. Southeast Industrial Equipment, Inc. ("Southeast") has been a Toyota dealer since 1986. Clark's claims in this action arise from a failed business deal with Southeast. Essentially, Clark claims that Toyota coerced Southeast into not honoring a dealer sales agreement with Clark, despite the fact that Toyota and Southeast have a non-exclusive contract. Plaintiff's Amended Complaint lists five causes of action:

1) "Unfair Competition" based on the allegation that Toyota committed "acts of coercion and intimidation in order to prevent Southeast from undertaking or

-1-

continuing its dealer relationship with Clark" in violation of North Carolina General Statute § 66-187.1 (providing that a supplier shall not "[c]oerce a dealer into refusing to purchase equipment manufactured by another supplier"), Virginia Code § 59.1-352.9 (same), and South Carolina Code § 39-5-20 (declaring unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices"),

2) violation of North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. GEN. STAT. § 75-1.1 (declaring unlawful "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce") based on the contention that Toyota's conduct "was unfair and/or violated statutory standards in Virginia, North Carolina and South Carolina,"

3) violation of South Carolina Code § 39-5-20 prohibiting unfair competition,

4) tortious interference with contract, claiming that Toyota "wrongfully induced Southeast to prematurely terminate and discontinue" the dealership agreement between Southeast and Clark, and

5) tortious interference with prospective economic advantage, again based on the contention that Toyota "wrongfully induced Southeast to prematurely terminate and discontinue" the dealership agreement between Southeast and Clark.

Plaintiff alleges that these unlawful acts occurred after the public announcement of Southeast's dealer relationship with Clark (on or about July 19, 2012), when Toyota President Jeff Rufener, or someone acting at his direction, contacted Southeast President Cory Thorne and pressured, coerced, and intimidated Southeast into ending its relationship with Clark. The means of coercion that Plaintiff alleges include: 1) threats by Toyota to terminate Southeast's Toyota dealership in Virginia, and 2) demands by Toyota that Southeast issue a retraction or denial of any dealer relationship with Clark.

Plaintiff generally argues that Toyota engaged in a premeditated, unlawfully coercive campaign to destroy the Southeast-Clark relationship and that in doing so, Toyota robbed Clark of a lucrative distribution network in the southeastern United States, chilled its ability to access

similar distribution in other areas, and caused great monetary and reputational damage to Clark. Defendant argues that it has done nothing other than employ legal, competitive business tactics, that Plaintiff has failed to establish causation between the allegedly coercive actions and its alleged injuries, and that no issues of material fact exist in this case.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted). Once this initial burden is met, the burden shifts to the nonmoving party. That party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. Instead, that party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert Cnty., Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). In the end, the question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 252.

### III. DISCUSSION

While Defendants have come forward with some evidence that Southeast terminated its agreement with Clark for lawful reasons that did not derive from any coercion, pressure, or intimidation by Toyota, Plaintiff has come forward with evidence that, if admitted at trial and believed, could satisfy all elements of Plaintiff's claims for unfair competition, the UDTPA, and tortious interference with contract and prospective economic advantage. Put another way, genuine issues of material fact exist as to whether Defendant's actions relevant to the Southeast-Clark agreement amounted to coercion, unfair competition, tortious interference, or some kind of deceptive practice. The court therefore enters the following Order.

### ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Summary Judgment (#133) is **DENIED**.

Signed: January 13, 2015

Max O. Cogburn Jr.
United States District Judge